WILLIAMSON, J.,
This matter comes before the court on the license suspension appeal of Christopher Daniel Strunk (“licensee”). On September 22, 2014, licensee entered into a consent decree in Monroe County Juvenile Court following charges of driving under the influence. As a part of the consent decree, the licensee’s driving privileges were suspended for six (6) months. The licensee immediately surrendered his driver’s license to the Clerk of Courts on September 22,2014. That suspension is not under appeal.
Due to a clerical error at the Monroe County Clerk of Courts Office, notice was sent to the department of a conviction for the offenses of which he was charged, which included underage drinking.[1] The licensee was not convicted of this or any other offense, as he entered into a consent decree as a pre-trial diversion for first-time juvenile offenders. As a result, the department issued a notice of license suspension due to the court ordered six (6) month suspension period of the consent decree, and an additional ninety (90) day suspension for the underage drinking offense reported by the Clerk of Courts Office, *474 even though there was no conviction for the underage drinking offense. The reported underage drinking offense was eventually removed by an administrative correction made by the Clerk of Courts Office and reported to the department. However, this was after the following actions that took place.
On October 14, 2014, licensee was sent a notice by the department that his driving privileges were being suspended for ninety (90) days due to the incorrect notice sent by the Clerk of Courts Office. The department also sent notice on the same date suspending the licensee’s driving privileges for six (6) months due to the terms of the consent decree. On November 12, 2014, the licensee filed a timely appeal specifically appealing the suspension for ninety (90) days (due to the incorrect reporting), and that the six (6) month suspension run from the date the license was surrendered on September 22, 2014 pursuant to the consent decree as it was the only valid suspension. A hearing was scheduled and a supersedeas was entered by this court on November 13,2014. This court automatically enters a supersedeas in license suspension appeals.
A hearing thereon was held and an order entered on January 22, 2015 granting the licensee’s appeal and ordering no license suspension due to the incorrect reporting of the underage drinking offense as a conviction (the ninety (90) day suspension); and, clarifying that the six (6) month suspension pursuant to the consent decree runs and properly credited from September 22, 2014 and forward.
On March 30, 2015, the licensee filed a motion to amend and clarify court order. Apparently, the department, upon receipt of this court’s order of November 13, 2014 directing entry of a supersedeas, determined that licensee *475 could apply for restoration of his driving privileges despite the fact he was not challenging the underlying six (6) month suspension of the consent decree; rather only the ninety (90) day suspension imposed due to the incorrect reporting. As a result, the department issued a notice of restoration on December 17,2014.
The licensee inquired of the department as to why he received the notice, but did not consult legal counsel or question the matter further. As a result, the licensee applied for and received a restoration of his license on January 7, 2015. At that time, he did consult legal counsel, who advised him not to drive, as he still had a license suspension for six (6) months pursuant to the consent decree. The licensee testified that he has not driven since the time of surrendering his license on September 22, 2014.
The licensee eventually turned in his license again on February 17, 2015. Unfortunately, the department recalculated the period of suspension and determined that licensee would only receive credit for September 22, 2014 to November 18,2014 (apparently its date of receipt of the court order dated November 13, 2014 imposing a supersedeas) and from February 17, 2015 and forward. Licensee then filed the motion to amend and clarify our order of January 22, 2015. Licensee argued he should receive credit for the entire time of September 22, 2014 forward as he did not drive at all. Alternatively, licensee argued he should have received credit for all time since September 22, 2014 except January 7, 2015 to February 17, 2015. We find the basis of the motion to amend and clarify was to request this court to acknowledge how the supersedeas was to be applied.
We have reviewed the matter and following a hearing held April 23, 2015 we find the licensee should have *476 received credit from September22,2014 to January 7,2015, and from February 17, 2015 forward for his suspension. While the issue of credit for a period of suspension may be the province of the department, the facts upon which they make that determination were squarely before this court. We also make this finding based upon the rationale of the department.
The department argues the supersedeas entered by this court allows the licensee to continue driving, and therefore, no credit for a license suspension following entry of the supersedeas. The department would argue that such supersedeas continued through to the entry of the court order of January 22, 2015 sustaining the licensee’s appeal. The department then argues that credit would not be granted after such order, because the licensee had restored his license (effective January 7,2015) and did not surrender it again until February 17, 2015.
We agree with the department that the licensee should receive no credit for the time period of January 7, 2015 to February 17, 2015 when his license was restored, regardless of how or why this was granted by the department. Licensee’s argument he did not drive is also irrelevant, because he had his license legally, albeit by mistake since he still had a six (6) month suspension that he did not appeal, and could have driven during that time period.
We do clarify and will further explain our order of January 22,2015 as to the licensee’s appeal in this matter. The licensee’s appeal was clearly only as to the ninety (90) day suspension imposed due to the incorrect reporting of the Clerk of Courts office. The licensee acknowledged such in the appeal petition and at court. The licensee’s petition for appeal included copies of both the notice of the *477 uncontested six (6) month suspension, and the contested ninety (90) day suspension. It was clearly done to reference the notices sent and support the allegations of the petition for appeal. This court would expect a separate appeal of each notice of suspension to be made by a licensee where there is more than one notice being appealed. Here, the licensee was appealing only the ninety (90) day notice due to the incorrect reporting. There was no separate appeal of the six (6) month suspension, nor was it included in the instant appeal. The balance of the petition, and order we signed on January 22, 2015 set this forth, and merely referenced the correct starting date of the six (6) month suspension in an attempt to clear the record.
As the appeal was only as to the ninety (90) day suspension, our supersedeas was only as to that notice of suspension. Therefore, no supersedeas was in effect as to the separate six (6) month suspension of the consent decree. We find no authority that the supersedeas granted for one notice of suspension, has any effect on a second, but separate suspension that is not appealed. We realize this was not specifically stated in our order of November 13, 2014 granting supersedeas, but clearly intended since the petition for appeal was as to the ninety (90) day suspension notice only. Again, how and why the department sent a notice of restoration of license to the licensee, dated December 17, 2014 is irrelevant, as the underlying six (6) month suspension, not being appealed, continued to prevent licensee from obtaining his license and driving. As no supersedeas was in effect for that six (6) month suspension notice, the restoration notice of December 17, 2014 should have had no effect on the licensee’s credit for license suspension for that notice. Thus, proper credit for the six (6) month suspension would have continued beyond November 13, 2014 and December 17, 2014, as *478 the supersedeas, and the department’s notice of restoration based upon that supersedeas, were for the ninety (90) day suspension only for the reasons set forth above, we can only agree such credit continues until January 7, 2015 when the licensee actually restored his license pursuant to the supersedeas and notice of restoration resulting therefrom on the appeal of the ninety (90) day suspension notice.
We believe this clarification of the supersedeas we granted, and the sole issue on appeal, necessitates a recalculation of the time credit for licensee’s suspension due to the consent decree. Following our findings set forth, as a further explanation of our order of January 22, 2015, such time credit for suspension should be September 22, 2014 to January 7, 2015 and February 17, 2015 and continuing forward. We will include this in our order clarifying our order of January 22, 2015.
ORDER
And now, this 29th day of April, 2015, following a hearing on the motion to amend and clarify this court’s order of January 22, 2015, it is the order of this court that our order of January 22,2015 is amended to reflect that the appeal taken and supersedeas issued was as to the ninety (90) day suspension notice only and the six (6) month suspension of the consent decree continued in effect. As a result, the licensee is entitled to a time credit for suspension from September 22, 2014 to January 7, 2015 and from February 17, 2015 until the six (6) month suspension is served in full. All other findings and conditions of this court’s order of January 22, 2015 entered in this matter shall have full force and effect.

. This court takes judicial notice that the Monroe County Clerk of Courts Office has on several occasions in the past ear, sent notices of conviction for charged offenses in adult ARD (Accelerated Rehabilitative Disposition) pre-trial diversion cases causing a similar effect as this matter, even though there was no conviction.